# United States Court of Appeals for the Federal Circuit

2010-1007
(Cancellation No. 92048454)

FRED BEVERAGES, INC.,

Appellant,

v.

FRED'S CAPITAL MANAGEMENT COMPANY,

Appellee.

H. Jay Spiegel, H. Jay Spiegel & Associates, of Mount Vernon, Virginia, argued for appellant.

Simor L. Moskowitz, Jacobson Holman PLLC, of Washington, DC, argued for appellee. With him on the brief was Matthew J. Cuccias.

Appealed from: United States Patent and Trademark Office
Trademark Trial and Appeal Board

# United States Court of Appeals for the Federal Circuit

2010-1007
(Cancellation No. 92048454)

FRED BEVERAGES, INC.,

Appellant,

v.

FRED'S CAPITAL MANAGEMENT COMPANY,

Appellee.

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

_____

DECIDED:  May 12, 2010

_____

Before MICHEL, Chief Judge, CLEVENGER and PROST, Circuit Judges.

PROST, Circuit Judge.

This case presents an appeal from a Trademark Trial and Appeal Board ("TTAB") decision denying a motion for leave to amend a pending petition to cancel a trademark. The TTAB found that Fred Beverages, Incorporated, failed to perfect its Motion for Leave to Amend the Petition for Cancellation because it did not submit the cancellation fee corresponding to the product classes it sought to add through the desired amendment.  Because we conclude that the TTAB's denial of the Motion for Leave on the stated grounds was arbitrary and capricious, we reverse the decision of the TTAB and remand for further proceedings consistent with this opinion.

## BACKGROUND

Appellee Fred's Capital Management Company ("Appellee") obtained registration

for its trademarked name in 2006. The registration covered a variety of goods in International Classes 1, 2, 3, 5, 6, 8, 16, 25, 28, 29, 31, and 32. In an effort to support its own trademarked name, Appellant Fred Beverages, Incorporated ("Appellant"), sought cancellation of Appellee's registration in International Class 32 on the ground of abandonment. Accordingly, Appellant filed with the U.S. Patent and Trademark Office ("USPTO") a Petition for Partial Cancellation of Appellee's Federal Registration No. 3,051,906 in International Class 32. Pursuant to 37 C.F.R. § 2.6(a)(16), all petitions for cancellation of registered trademarks must be accompanied by a fee of $300.00 per class for which cancellation is sought. Appellant's Petition was accompanied by the requisite $300.00 payment. Cancellation Proceeding No. 92048454 commenced in the USPTO before the TTAB on November 13, 2007.

During the course of proceedings, Appellant filed a Motion for Leave to Amend Appellant's Petition to state new grounds of cancellation against International Classes 2, 25, 28, and 29 of the same registration, and to include fraud as an additional ground for cancellation of Class 32. Appellant attached to its Motion, as an exhibit, a copy of the Amended Petition for Partial Cancellation showing the desired changes. Appellee filed a response opposing the Motion for Leave on the merits. Appellant then filed a reply in further support of its Motion. Appellant did not submit any fee in connection with the Motion or the Reply.

During the several months that the TTAB was considering Appellant's Motion for Leave to Amend, the parties completed discovery, including discovery related to Appellant's allegations of fraud. Appellee submitted a Motion for Voluntary Surrender of its registration with respect to International Class 32.

The TTAB issued a final decision on June 26, 2009 terminating the cancellation proceeding. The TTAB technically rejected Appellee's Motion for Voluntary Surrender because it was opposed, but entered judgment cancelling the registration in class 32. The TTAB denied Appellant's Motion for Leave to Amend on the grounds that the Motion was not accompanied by the fee required under Trademark Rules 2.111(c)(1) and 2.112(b). Appellant timely appealed to this court. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

Appellant argues that the TTAB erred in denying the Motion for Leave, because it applied to the Motion rules 2.111(c)(1) and 2.112(b) governing Petitions, as though the Motion was the underlying Petition. Appellant argues that until the Motion for Leave to Amend the Petition is granted, no petition for cancellation is actually under consideration or even filed. Appellant concludes that the statutory fee is not required until the Motion for Leave is decided on the merits and leave to amend is granted.

Appellee argues that the TTAB did not err in requiring the fee to accompany the Motion for Leave. Petitions for cancellation are not accepted for filing unless accompanied by the statutory fee. 37 C.F.R. § 2.111(c)(1), (c)(3)(i); see also 15 U.S.C. § 1064 ("A petition to cancel a registration of a mark, stating the grounds relied upon, may, upon payment of the prescribed fee, be filed as follows by any person who believes that he is or will be damaged . . . ."); Aries Sys. Corp. v. World Book, Inc., 23 USPQ2d 1742, 1748 (TTAB 1992) (explaining that the payment of the cancellation fee is a jurisdictional requirement for consideration of the petition for cancellation). Appellant's Motion was accompanied by an Amended Petition, which sought to add

2010-1007                                    3

additional product classes to the proceeding. Appellee concludes that because the Amended Petition did not meet the statutory requirements for consideration, namely that it did not include the requisite cancellation fees, the TTAB was correct in denying the Motion for Leave to Amend. We disagree.

For analogous filings in the judicial context, a motion for leave to amend a pleading more than twenty days after the date of service may only be filed by leave of court, and such leave is freely given when justice so requires. Fed. R. Civ. P. 15(a). The TTAB follows Rule 15(a), and liberally grants leave to amend petitions and pleadings where the other party will not be prejudiced thereby. See Buffett v. Chi-Chi's, Inc., 226 USPQ 428 (TTAB 1985); Cool-Ray, Inc. v. Eye Care, Inc., 183 USPQ 618 (TTAB 1974). Here, the TTAB did not cite any equitable reason to deny the Motion, but relied solely on Appellant's failure to file the fee associated with the underlying Petition.

It is common judicial procedure to require that motions for discretionary consideration from a tribunal be accompanied by the filing sought to be considered, and any requisite fee. See, e.g., N.D. Cal. Local R. 11-3 (requiring a motion to appear pro hac vice to be accompanied by an affidavit and a registration fee, even though the motion may be denied and the fee returned); Fed. R. App. P. 29(b) (requiring a motion for leave to file an amicus brief to be accompanied by the proposed brief, even though the motion may be denied and the brief ignored). Such requirements, however, are set forth in stated rules of practice pertaining to the tribunal.

There is no stated rule of the TTAB that a motion for leave to amend a petition for cancellation must be accompanied by the statutory fee corresponding to the classes for which cancellation is sought by amendment. There is also no rule that such a fee, if

tendered, would be refunded in the event that the motion for leave were denied. <u>Cf.</u> 37 C.F.R. § 2.209(a) (permitting the Director to "refund a fee paid by mistake or in excess of that required," neither of which applies to motions for leave to amend petitions); Trademark Trial and Appeal Board Manual of Procedure § 119.03 (providing that "if because of a defect in an opposition or a petition for cancellation filed with the Board, a proceeding is not instituted, [then] any submitted fee will be refunded," which does not apply to the present case because it was the motion and not the petition that was denied). The rules relied on by the TTAB in deciding this case, Trademark Rules 2.111(c)(1) and 2.112(b) relate only the requirements for filing an initial petition for cancellation, and do not speak to subsequent motion practice.

In the absence of a stated rule, the TTAB might still justify requiring a cancellation fee to accompany a motion for leave to amend if such requirement were consistent with established practice. There is, however, no such established practice at the TTAB. It appears, in fact, that the TTAB has previously, under similar circumstances, granted or deferred ruling on motions for leave to amend filings without concurrent payment of the statutory cancellation fee. <u>See, e.g.</u>, <u>Ayush Herbs, Inc. Hindustan Lever Ltd.</u>, Opposition No. 91172885 (TTAB 2009) (granting a motion for leave to amend a counterclaim and giving the applicant thirty days from the date of the order in which to submit the statutory fee supporting the cancellation requested in the amended counterclaim); <u>Tribal Sportswear, Inc. v. Torquay Enter.</u>, Opposition No. 91171576 (TTAB 2007) (deferring a decision on the merits of a motion for leave to amend a counterclaim for fifteen days to allow the applicant time in which to submit the statutory fee in support of the cancellation sought through the amendment).

Moreover, in a case that closely resembles the present facts, the TTAB granted a motion for leave to amend a petition for cancellation to add product classes, provided that the moving party paid the cancellation fee within thirty days of the order granting the motion for leave.  See Dollar Tree Stores, Inc. v. Everything for a Dollar Store, Inc., 2001 WL 315045 at *3, Cancellation No. 26,850 (March 30, 2001).  Thus, Ayush Herbs, Tribal Sportswear, Dollar Tree, and other cases suggest that a motion for leave to amend is considered separately from the underlying filing, and that a jurisdictional prerequisite for the underlying filing, such as the statutorily required filing fee, is not grounds for denying the motion.  At a minimum, these cases demonstrate that there is no established practice for deciding whether the statutory fee must accompany a motion for leave to amend a pending petition for cancellation.

It therefore appears that the TTAB has no stated rule and no established practice of requiring that a supplemental cancellation fee be included with a motion for leave to amend a petition for cancellation.  The lack of authority for the TTAB's decision is further confirmed by the fact that the TTAB opinion cited no rule or precedent on point in support of its decision to deny the Motion for Leave in this case.

There is no basis on which to distinguish the circumstances of the present case from those in which the TTAB granted or deferred ruling on motions for leave and set a subsequent deadline for the payment of the underlying fee.  Where an agency departs from established precedent without a reasoned explanation, its decision will be vacated as arbitrary and capricious.  Pontchartrain Broad. Co. v. FCC, 15 F.3d 183, 185 (D.C. Cir. 1994); Graphic Commc'ns Int'l Union, Local 554 v. Salem-Gravure, 843 F.2d 1490, 1493 (D.C. Cir. 1988).  In determining whether an agency has provided a reasoned

explanation for departing from precedent or treating similar situations differently, the court looks only to the reasons given by the agency. <u>SEC v. Chenery Corp.</u>, 318 U.S. 80, 88, (1943). Accordingly, we find that TTAB's decision in the present case to deny the Motion for Leave was arbitrary and capricious. We hereby reverse the decision of the TTAB denying the Motion for Leave to Amend on the grounds that the filing fee did not accompany the Motion, and remand the case to the TTAB for further proceedings consistent with this opinion.

<u>REVERSED AND REMANDED</u>