NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE,**
*Appellant*

**v.**

**AMERICAN MARRIAGE MINISTRIES,**
*Appellee*

---

2022-1744

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91237315.

---

Decided:  November 22, 2023

---

MIKE MATESKY, II, Matesky Law PLLC, Seattle, WA, argued for appellant.

BENJAMIN JAMES HODGES, Foster Garvey PC, Seattle, WA, argued for appellee.  Also represented by KELLY ANN MENNEMEIER, NANCY V. STEPHENS.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges.*

CHEN, *Circuit Judge*.

Universal Life Church Monastery Storehouse (ULC Monastery) filed a trademark application seeking registration of the standard character mark GET ORDAINED for two classes of services:  (1) online retail store services; and (2) ecclesiastical services.  American Marriage Ministries (AMM), in response, filed a notice of opposition to ULC Monastery's application at the Trademark Trial and Appeal Board (Board), asserting that, among other things, the application should be denied because the mark is merely descriptive and fails to function as a mark as to both classes of services.  The Board issued a final decision sustaining AMM's opposition on both grounds as to both classes of services, even though AMM's briefing focused solely on attacking the applied-for mark in connection with ecclesiastical services and did not present any argument with respect to online retail store services.  The Board's decision did not acknowledge or address ULC Monastery's argument that AMM, by ignoring in its briefing its grounds for opposition as to ULC Monastery's online retail store services, waived any challenge to these services.  ULC Monastery then filed this appeal, contesting the Board's decision only as to the online retail store services.

After our court heard oral argument, ULC Monastery and AMM entered into a settlement agreement with respect to a collateral litigation.  ECF No. 51, at 2.  The parties then jointly moved for entry of an order (i) reversing and vacating the Board's decision sustaining AMM's opposition to registration for online retail store services, or, in the alternative, (ii) remanding to the Board for the purpose of considering a stipulated motion to amend the application to remove ecclesiastical services and to vacate the Board's decision sustaining the opposition with respect to ULC Monastery's online retail store services.  *Id.*  The parties, however, fail to establish any "equitable entitlement to the extraordinary remedy of vacatur."  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).  Nor have

the parties shown why the circumstances surrounding this appeal necessitate an automatic remand.

After considering the parties' joint motion and ULC Monastery's appeal, we conclude the proper course is to deny the parties' joint motion and vacate the Board's decision for reasons identified in ULC Monastery's appeal: the Board's failure to explain why AMM's silence on online retail store services did not constitute waiver.[1]  Because the Board did not furnish a reasoned explanation for departing from its established practice of deeming unargued claims waived, we *vacate* the Board's decision and *remand* for further proceedings consistent with this opinion.

## BACKGROUND

### I.    ULC Monastery's Mark GET ORDAINED

ULC Monastery uses the mark GET ORDAINED on websites that provide ecclesiastical services for ordaining individuals as ministers and websites that provide online retail store services for selling clothing, anointing oils, and other ministerial products.  ULC Monastery's multi-class trademark application sought registration of the mark GET ORDAINED in two classes of services: (1) online

---

[1]    The Trademark Trial and Appeal Board Manual of Procedures (T.B.M.P.) provides that "[i]f a party fails to reference a pleaded claim or affirmative defense in its brief, the Board will deem the claim or affirmative defense to have been *waived*."  T.B.M.P. § 801.01 (emphasis added). In this opinion, we adhere to the T.B.M.P.'s use of the terms "waive" and "waiver" but note that the terms "forfeit" and "forfeiture" may more accurately capture the scenarios the T.B.M.P. aims to cover.  *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)).

retail store services in International Class 35 and (2) ecclesiastical services in International Class 45.[2]  *Opposition Decision*, 2022 WL 500926, at *1.

### II.  Party Arguments Before the Board

AMM filed a Notice of Opposition, asserting claims that the mark GET ORDAINED was generic, was merely descriptive, and failed to function as a mark for both sets of

---

[2]  International Class 35 relates to services for "[a]dvertising; business management, organization and administration; office functions."  37 C.F.R. § 6.1 (2023).  International Class 45 relates to "[l]egal services; security services for the physical protection of tangible property and individuals; dating services, online social networking services; funerary services; babysitting."  *Id.*

The complete listings of the services covered in ULC Monastery's trademark application are:

> On-line retail store services featuring clothing in the nature of shirts, hats, and stoles, stationery, business cards, bumper stickers, license plate holders, badges, pens, pins, musical sound recordings, bookmarks, bread, aromatic oil, portfolios, and publications in the nature of books, hand-outs, workbooks, manuals, brochures, and newsletters in the fields of religion, spirituality, marriage, law, and management in International Class 35; and

> Conducting religious ceremonies; ecclesiastical services, namely, ordaining ministers to perform religious ceremonies; providing a website featuring information about religious belief systems in International Class 45.

*Am. Marriage Ministries v. Universal Life Church Monastery Storehouse*, No. 91237315, 2022 WL 500926, at *1 (T.T.A.B. Feb. 17, 2022) (*Opposition Decision*).

applied-for services. *Id.* ULC Monastery's answer denied these assertions. *Id.* AMM and ULC Monastery then fully briefed the case. Opposition No. 91/237,315, 88 TTABVUE (AMM's Main Br.); Opposition No. 91/237,315, 95 TTABVUE (ULC Monastery's Main Br.); Opposition No. 91/237,315, 97 TTABVUE (AMM's Rebuttal Br.).

In its main brief, AMM raised genericness, mere descriptiveness, and failure-to-function arguments that did not explicitly refer to ULC Monastery's online retail store services. For its mere descriptiveness claims, AMM posited that the phrase "get ordained" "immediately conveys the availability of the service of ordination" and that "competitors routinely and extensively use 'get ordained' in conjunction with their own ordination services." AMM's Main Br., 88 TTABVUE 34–35. Turning to failure-to-function, AMM asserted that ULC Monastery's use of GET ORDAINED cannot be separated from other source-identifying elements in ULC Monastery's logo. *Id.* at 40–41.

In response, ULC Monastery explained that AMM's brief failed to raise any argument against the mark in connection with ULC Monastery's online retail store services. ULC Monastery's Main Br., 95 TTABVUE 13, 21 ("AMM makes no claim that the GET ORDAINED mark is merely descriptive of ULC Monastery's online store services in Class 35, and has therefore not met its burden with regard to Class 35.").

AMM's rebuttal brief did not address ULC Monastery's argument that AMM had failed to carry its burden with respect to its Class 35-specific claims. Instead, AMM repeated its earlier arguments tethered to ordination services. *See* AMM's Rebuttal Br., 97 TTABVUE 7–13 ("'GET ORDAINED,' even if arbitrary in some contexts, is not arbitrary in the context of 'ordaining ministers.'"). AMM then relied on its previous failure-to-function arguments that GET ORDAINED cannot be a standalone indicator and presented a failure-to-function theory that GET

ORDAINED merely "convey[s] an informational message about services that allow a person to 'get ordained.'" *Id.* at 14–16.

### III. Board's Opposition Decision

The Board sustained AMM's opposition to registration of ULC Monastery's mark with respect to both ULC Monastery's online retail store services in Class 35 and ecclesiastical services in Class 45. *Opposition Decision*, 2022 WL 500926, at *1. The Board found GET ORDAINED unregistrable for being merely descriptive and for failing to function as a mark. *Id.* The Board did not reach AMM's genericness claims. *Id.*

As to mere descriptiveness, the Board found that the mark GET ORDAINED is highly descriptive of both ULC Monastery's ecclesiastical services and online retail store services and therefore ULC Monastery had a "commensurately high" burden for showing acquired distinctiveness. *Id.* at *13 (internal quotation marks omitted). Finding that ULC Monastery failed to meet this burden for showing acquired distinctiveness, the Board sustained AMM's claims that ULC Monastery's mark is merely descriptive. *Id.* at *16.

As to failure-to-function, the Board found that GET ORDAINED failed to function as a mark for ULC Monastery's online retail store services and ecclesiastical services because, "consumers will perceive the words 'get ordained' as conveying their ordinary meaning"—namely, "to obtain ministerial or priestly authority, to become invested with ministerial or priestly authority, or more simply, to become a minister." *Id.* at *8, 10.

In this appeal, ULC Monastery does not contest the Board's findings with respect to its Class 45 services. Rather, ULC Monastery's appeal is limited to challenging the Board's determination that ULC Monastery's mark is merely descriptive and fails to function as a mark for its

Class 35 services. Appellant's Br. 2–3. We have jurisdiction over ULC Monastery's appeal under 15 U.S.C. § 1071(a)(1) and 28 U.S.C. § 1295(a)(4)(B).

## STANDARD OF REVIEW

ULC Monastery argues that under the Board's procedures, the Board should have deemed waived AMM's claims that GET ORDAINED is merely descriptive of or fails to function as a mark for ULC Monastery's online retail store services. Appellant's Br. 14–18. We review the Board's failure to consider waiver under the Administrative Procedure Act (APA). The APA requires us to set aside Board actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see Dickinson v. Zurko*, 527 U.S. 150, 152 (1999); *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1084–85 (Fed. Cir. 2000). When the Board "departs from [its] established precedent without a reasoned explanation, its decision will be vacated as arbitrary and capricious." *Fred Beverages, Inc. v. Fred's Cap. Mgmt. Co.*, 605 F.3d 963, 967 (Fed. Cir. 2010). The "reasoned explanation" requirement "ordinarily demand[s] that [the Board] display awareness that it *is* changing position." *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). The Board may not depart from its prior procedures "*sub silentio.*" *Id.*; *see also Dillmon v. Nat'l Transp. Safety Bd.*, 588 F.3d 1085, 1089 (D.C. Cir. 2009) ("This permits us to ensure the agency's prior policies and standards are being deliberately changed, not casually ignored." (internal quotation marks omitted)). We "look[] only to the reasons given by the [Board]." *Fred Beverages*, 605 F.3d at 967.

## DISCUSSION

### I.

We start with the Board's practices regarding waiver. Our review confirms—and the parties do not dispute—that the Board has an established waiver practice for *inter*

*partes* proceedings. The T.B.M.P., which describes "current practice and procedure" for Board proceedings, provides that "[i]f a party fails to reference a pleaded claim or affirmative defense in its brief, the Board will deem the claim or affirmative defense to have been waived." T.B.M.P. intro., § 801.01. This waiver practice has further developed through several of the Board's binding, precedential decisions.[3]

The Board's precedential decision in *General Mills, Inc. v. Fage Dairy Processing Industry S.A.* is instructive. 100 USPQ2d 1584 (T.T.A.B. 2011) (precedential). There, the Board deemed opposition claims directed to one class in a multi-class application as waived when there was an "absence of arguments in opposers' brief as to anything other than [goods in the non-waived class]." *Id.* at 1588 n.1. In finding waiver, the Board indicated that in an opposition proceeding for a multi-class application, "[e]ach international class stands on its own, for all practical purposes like a separate application, and [the Board] must make determinations for each separate class." *Id.*; *accord Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1102 (CCPA 1976). The Board thus has an established practice

---

[3]    *See, e.g.*, *Coca-Cola Co. v. Meenaxi Enterprise., Inc.*, 2021 WL 2681898, at *2–3 (T.T.A.B. 2021) (precedential) (determining that pleaded claims other than misrepresentation of source were waived because they were not pursued in the trial brief); *Alcatraz Media, Inc. v. Chesapeake Marine Tours, Inc.*, 107 USPQ2d 1750, 1753 (T.T.A.B. 2013) (precedential) (determining that petitioner's pleaded descriptiveness and geographical descriptiveness claims not argued in brief were waived); T.B.M.P § 801.01 n.6 (collecting precedential T.T.A.B. decisions on waiver); *see also* T.B.M.P. § 101.03 ("Proceedings before the Board are also governed, to a large extent, by precedential decisions in prior cases . . . includ[ing] those of the Board itself . . . .").

of considering certain unargued claims to be waived and has applied this practice to consider claims directed to one class in a multi-class application to be waived.

ULC Monastery's application covered both online retail store services in Class 35 and ecclesiastical services in Class 45. Neither the mere descriptiveness nor failure-to-function arguments in AMM's trial briefs referred to ULC Monastery's online retail store services in Class 35. AMM's Main Br., 88 TTABVUE 33–34; AMM's Rebuttal Br., 97 TTABVUE 14–16. And despite ULC Monastery's clear admonitions that AMM's opening trial brief failed to address ULC Monastery's Class 35 services, AMM in rebuttal did not once mention these services in its mere descriptiveness discussion. *See* ULC Monastery's Main Br., 95 TTABVUE 21; AMM's Rebuttal Br., 97 TTABVUE 10–13. Furthermore, AMM's main brief and rebuttal brief were dotted with other indicia of AMM's intent not to address its Class 35-specific claims.[4] We thus agree with ULC Monastery's reading of AMM's trial briefing as having failed to argue or refer to AMM's Class 35-specific claims.

Finally, we turn to the Board's action on appeal: the Board's decision to consider whether ULC Monastery's

---

[4]    *See* AMM's Main Br., 88 TTABVUE 29 ("[S]o long as AMM proves by a preponderance of the evidence that GET ORDAINED is generic, is merely descriptive, or fails to function as a trademark for at least one of the services in Class 45—e.g., the claimed service of 'ordaining ministers to perform religious ceremonies'—registration must be refused for Class 45 in its entirety."); AMM's Main Br., 88 TTABVUE 1, 43 (only referring to Class 45 ordination services); AMM's Main Br., 88 TTABVUE 30–33 (presenting genericness arguments centered on the ordinary meaning of the phrase "get ordained" in the context of Class 45 ordination services); AMM's Rebuttal Br., 97 TTABVUE 7–10 (same).

mark in connection with Class 35 services failed to function as a mark and was merely descriptive. We cannot reconcile the Board's established waiver practice with that decision. Despite the Board's practice of deeming unargued claims waived and despite the failure of AMM's briefs to refer to its Class 35-specific claims, the Board adjudicated these claims without explaining why it did not consider them waived.

In sum, we determine that (1) the Board has an established practice of considering unargued claims to be waived, (2) AMM did not refer to or argue any Class 35-specific claims in its trial briefs, and (3) the Board considered the Class 35-specific services but did not explain why it did not consider these claims to be waived in view of its established waiver practice. We accordingly hold that the Board acted arbitrarily and capriciously by departing from its established practice without providing a reasoned explanation for the departure.[5]  For that reason, we vacate the Board's decision as to ULC Monastery's Class 35-specific services.

## II.

On remand, the Board should explain its decision regarding waiver of AMM's Class 35 claims and, in particular, square its decision with the practices and procedures articulated in the T.B.M.P. and in its prior precedential decisions.[6]  For example, the T.B.M.P. explicitly states, "If a

---

[5]  Because AMM withdrew its appellate briefing, ECF No. 51, at 1, this opinion does not address the merits of AMM's arguments in that briefing.

[6]  The parties represented that, on remand, they intend to file a joint motion to vacate the opposition as to ULC Monastery's application with respect to online retail store services.  ECF No. 51, at 2.  We understand our

party fails to reference a pleaded claim or affirmative defense in its brief, the Board will deem the claim or affirmative defense to have been waived." T.B.M.P. § 801.01. And the Board in numerous *inter partes* proceedings has mentioned a party's failure to identify, pursue, argue, or discuss a claim as a sufficient basis for finding that this party waived the claim.[7] In this opinion, we are not deciding if the Board may have a basis for deeming AMM's

---

decision to vacate the Board's decision as it relates to online retail store services moots the need for such a motion. We express no views as to the merits of any other motions that the parties intend to file with the Board to facilitate termination of this opposition.

[7] *See, e.g.*, *Illyrian Imp., Inc. v. ADOL Sh.p.k.*, 2022 USPQ2d 292, *3 n.3 (T.T.A.B. Mar. 29, 2022) (precedential) ("Inasmuch as Opposer, in its brief, identifies only likelihood of confusion and fraud as the issues before us, we deem the other purported claims waived."); *Coca-Cola Co.*, 2021 WL 2681898, at *1 ("The other pleaded claims that Petitioner did not address in its briefing are waived."); *WeaponX Performance Prods. v. Weapon X Motorsports, Inc.*, 126 USPQ2d 1034, 1036 (T.T.A.B. 2018) (precedential) ("Opposer did not pursue this claim at trial or argue it in its trial brief, and it is accordingly waived."); *Alcatraz Media*, 107 USPQ2d at 1753 ("Insofar as petitioner has not argued the descriptive or geographically descriptive claims in its brief, we find, in accordance with the Board's usual practice, that those claims have been waived."); *Corporacion Habanos, S.A. v. Guantanamera Cigars Co.*, 86 USPQ2d 1473, 1474 (T.T.A.B. 2008) (precedential) ("Because opposer has not discussed its Section 2(e)(1) claim in its brief, we consider opposer to have waived any such claim."); *Knight Textile*, 75 USPQ2d at 1314 n.4 ("[O]pposer has not presented any argument in its briefs in support of this pleaded ground, and therefore is deemed to have waived it.").

opposition to ULC Monastery's Class 35 application not to be waived, or for excusing any waiver. Nor are we deciding the merits of whether ULC Monastery's application should be granted with respect to Class 35.

If the Board on remand reconsiders ULC Monastery's Class 35-specific services, the Board should ensure that its analysis has a basis in the record. The Board's decision laid out a summary of the relied-on evidence of record. *Opposition Decision*, 2022 WL 500926, at \*4–7. While this evidence relates to ULC Monastery's ecclesiastical services, the Board did not explain its pertinence to ULC Monastery's online retail store services. Moreover, the Board's findings specific to online retail store services lack any citations to the record. *Id.* at \*7, 11, 13. On remand, for its mere descriptiveness and failure-to-function analyses with respect to ULC Monastery's online retail store services, the Board should "assure that the requisite findings are made, based on evidence of record" and "explain the reasoning by which the findings are deemed to support" the Board's decision. *Outdry Techs. Corp. v. Geox S.p.A.*, 859 F.3d 1364, 1368 (Fed. Cir. 2017).

## CONCLUSION

For the foregoing reasons, we *vacate* the Board's decision with respect to ULC Monastery's Class 35 services and *remand* for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

COSTS

No costs.